**Roger D. HALL, Petitioner—Appellant,**

v.

**Jean HILL, Superintendent; et al., Respondents—Appellees.**

**No. 06–35069.**

United States Court of Appeals, Ninth Circuit.

Submitted March 12, 2007 [*].

Filed March 19, 2007.

Roger D. Hall, Umatilla, OR, pro se.

Erin C. Lagesen, Esq., AGOR–Office of the Oregon Attorney General, Salem, OR, for Respondents–Appellees.

Before: KOZINSKI, LEAVY, and BYBEE, Circuit Judges.

MEMORANDUM [**]

Roger D. Hall, an Oregon state prisoner, appeals pro se from the district court's order dismissing, pursuant to 28 U.S.C. § 1915(e)(2), his 42 U.S.C. § 1983 action alleging prison officials violated his rights by improperly garnishing funds from his prison trust account when he was ordered to pay restitution for property damage after a disciplinary proceeding. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim, *Barren v. Harrington,* 152

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

F.3d 1193, 1194 (9th Cir.1998) (order), and review for abuse of discretion the denial of leave to amend, *Lopez v. Smith,* 203 F.3d 1122, 1130 (9th Cir.2000) (en banc). We affirm.

The district court properly dismissed Hall's amended complaint because Hall failed to allege sufficient facts to demonstrate that any defendants personally participated in either the underlying disciplinary hearing which resulted in the restitution order, or in the garnishment of funds from Hall's prison trust account. *See Monell v. Dep't of Social Servs.,* 436 U.S. 658, 691–94, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) (section 1983 does not impose liability upon state officials for the acts of their subordinates under a respondeat superior theory of liability).

Because the district court had already allowed Hall an opportunity to cure the deficiencies in his original complaint and had provided specific instructions on appropriate pleading, we cannot say that the district court abused its discretion by dismissing Hall's amended complaint without leave to amend. *See Ferdik v. Bonzelet,* 963 F.2d 1258, 1261 (9th Cir.1992).

The district court did not err in failing to appoint counsel because Hall has not demonstrated any "exceptional circumstances." *See Terrell v. Brewer,* 935 F.2d 1015, 1017 (9th Cir.1991).

All pending motions are denied.

**AFFIRMED.**

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.